107 F.3d 3
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Robert MATHURA, Plaintiff-Appellant,
v.
COUNCIL FOR HUMAN SERVICES HOME CARE SERVICES, INC.,
Defendant-Appellee.
 No. 96-7687.
 United States Court of Appeals, Second Circuit.
 Feb. 12, 1997.
 
 Appearing for Appellant: Robert Mathura, pro se, Bronx, New York.
 Appearing for Appellee: Mark E. Brossman, Chadbourne & Parke LLP, New York, New York.
 Before OAKES, WINTER and CABRANES, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Robert Mathura, pro se, appeals from Judge Owen's dismissal of his complaint against the Council for Human Services Home Care Services, Inc. ("CHS"). Mathura claims that while he was employed as an Assistant Director of Administrative Services at CHS, his supervisor subjected him to harassment, verbal abuse, and discrimination based on race and color, in violation of Title VII, 42 U.S.C. § 2000e et seq., and New York State's Human Rights Law, N.Y. Exec. L. § 290 et seq. The district court entered summary judgment on behalf of CHS.
 
 
 4
 Mathura challenges the summary judgment order on four grounds: (i) CHS's attorney filed an affidavit in support of summary judgment that was not made on her personal knowledge; (ii) issues remained in the case regarding Mathura's vacation benefits; (iii) CHS's failure to follow its internal grievance procedure violated Mathura's due process rights; and (iv) the grant of summary judgment was improper. We find all four claims meritless.
 
 
 5
 Mathura's claim that an affidavit filed by CHS's attorney, Eileen Fields, was not based on her personal knowledge, in violation of Rule 56(e), Fed.R.Civ.P., fails because Mathura has not identified anything in the affidavit of which Mrs. Field lacked personal knowledge. Mathura's second claim regarding his accumulated vacation and benefits fails because Mathura made no proffer in support of this claim in response to CHS's motion for summary judgment. Similarly, Mathura's third claim, that CHS violated his due process right by failing to follow its own grievance procedures, fails because he made no proffer in support of this claim either. Moreover, as a private employer, CHS is not subject to the procedural due process requirements of the Constitution. See Wal-Juice Bar, Inc. v. Elliott, 899 F.2d 1502, 1507 (6th Cir.1990) ("[P]urely private employment of the plaintiffs creates no property interest to which procedural due process protections apply.").
 
 
 6
 Mathura also argues that the district court's order of summary judgment was improper. We disagree. To the extent that Mathura's claims were based on acts that occurred prior to August 16, 1990, the claims are time barred because they occurred 300 days before Mathura filed his complaint with the New York State Department of Human rights. See 42 U.S.C. § 2000e-5(e) (Title VII plaintiff initially seeking relief with a state agency must file complaint with the EEOC within 300 days of alleged unlawful act). We reject the claims that arose after August 16, 1996, for failure to establish a prima facie case of discrimination substantially for the reasons stated by the district court. Mathura v. Council for Human Servs. Home Care Servs., Inc., No. 95 Civ. 4191(RO), 1996 WL 157496 (S.D.N.Y. Apr. 2, 1996). We also reject Mathura's claims alleging discrimination on grounds other than race or color, as those claims were not raised in his administrative complaint and are not "reasonably related" to the complaint. Butts v. City of New York Dep't of Hous. Preservation and Dev., 990 F.2d 1397, 1401-02 (2d Cir.1993).
 
 
 7
 We therefore affirm.